hWEIMER, J.,
dissents.
I respectfully dissent.
Louisiana Code of Evidence art. 704 provides as follows:
Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express *1040 an opinion as to the guilt or innocence of the accused.
In State v. Wheeler, 416 So.2d 78 (La.1982), the court reversed the conviction and remanded the case for a new trial. However, the instant case differs sharply from Wheeler. In this case, Captain Timothy Lentz, the expert qualified in the area of packaging, distribution, sale, and pricing of cocaine, was questioned about whether the amount found on the defendant was consistent with individuals who distribute cocaine. His response was “This is distribution amount here.” At this point, counsel for the defendant objected. Thereafter, the trial court overruled the objection, but unlike in Wheeler, strongly admonished the jury as follows:
I want to admonish the jury because on the last question the evidence here shows distribution or not or intent to distribute ultimately is a question that you have to decide. What Captain Lentz is giving is, of course, his opinion. He’s not the ultimate fact finder in this case. It’s something that you have to decide based on evidence.
^Officer Lentz, however, did not testify that he thought the defendant should be convicted or that he was definitely guilty of distribution of cocaine or express an opinion as to the guilt or innocence of the accused. I do not find that Officer Lentz made a prohibited statement.
The State’s burden was to prove that the defendant possessed cocaine with the intention of distributing it. The evidence proves the elements of the crime. A substantial amount of cocaine was found on the defendant’s body and two smaller bags fell from his pants leg. The value of the cocaine was approximately $1,500. Most significantly, either the defendant or his severed co-defendant telephonically set up a date, time, and place to effectuate a sale of cocaine and then arrived at the scheduled time and place with cocaine in three different containers thereby establishing that he not only possessed cocaine, but also had the intent to distribute the cocaine. The jury reasonably rejected the argument that defendant merely possessed cocaine and had no intention of distributing it. I conclude that the evidence was sufficient to support the jury’s decision finding the defendant guilty of possession of cocaine with the intention to distribute.